UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| DOUGLAS DENNIS, § <br> DERIVATIVE CLAIMANT OF § <br> WANDA DENNIS-COOPER § <br> (DECEASED); JESSICA DENNIS, § <br> DERIVATIVE CLAIMANT § <br> WANDA DENNIS-COOPER § <br> (DECEASED); AND MICHAEL § <br> DENNIS, DERIVATIVE § <br> CLAIMANT WANDA DENNIS- § <br> COOPER (DECEASED); § <br> *Plaintiffs* § <br>  § <br> **v.** § <br>  § <br> ERYNGO HILLS APARTMENTS, § <br> HAYDEN GLADE, HIDDEN § <br> CREEK OWNER LLP, TX OLD § <br> MANOR HOUSING LP, § <br> *Defendants* § | | No. A-22-CV-00683-RP |

**REPORT AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

TO: THE HONORABLE ROBERT PITMAN
UNITED STATES DISTRICT JUDGE

Before the Court is the above-entitled cause of action. The undersigned submits this Report and Recommendation to the United States District Court pursuant to 28 U.S.C. §636(b) and Rule 1 of Appendix C of the Local Court Rules.

## I.  BACKGROUND

On July 7, 2022, the undersigned ordered Plaintiff Jessica Dennis to complete a long-form Application to Proceed In Forma Pauperis on or before July 26, 2022. Dkt. 5. The undersigned warned Dennis that failure to comply with the Order would

1

result in the Court recommending that this case be dismissed. *Id.* The Clerk's Office mailed the Order and Application to Proceed In Forma Pauperis to the address given by Dennis, which was the address listed for all Plaintiffs in this case. The Order was returned to the Court as undeliverable and without forwarding addresses. Dkt. 6.

## II. ANALYSIS

A district court may dismiss a plaintiff's claims sua sponte pursuant to either Federal Rule of Civil Procedure 41(b) or its inherent authority to manage its docket. Under Rule 41(b), a court may dismiss a plaintiff's claims where the plaintiff has failed to prosecute his or her claims, comply with the Federal Rules of Civil Procedure or local rules, or follow a court order. Fed. R. Civ. P. 41(b); *see Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962) ("The authority of a court to dismiss sua sponte for lack of prosecution has generally been considered an 'inherent power,' governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases.").

Plaintiff Dennis, who is improperly attempting to represent others pro se, has failed to apprise the Court of her current addresses as required by Local Rule AT-9. Because of this failure to maintain a current address with the Court, the Court has no way to communicate with Dennis and cannot continue to entertain her claims. Accordingly, because of her failure to abide by the Court's rules, the undersigned recommends that the Court dismiss this case without prejudice.

### III.  RECOMMENDATION

In accordance with the foregoing discussion, the undersigned **RECOMMENDS** that the District **DISMISS** the instant cause of action **WITHOUT PREJUDICE**.  Finally, the Clerk should remove this case from the undersigned's docket and return it to the docket of the District Judge.

### IV.  WARNINGS

The parties may file objections to this Report and Recommendation.  A party filing objections must specifically identify those findings or recommendations to which objections are being made.  The District Court need not consider frivolous, conclusive, or general objections.  *See Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987).  A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen days after the party is served with a copy of the Report shall bar that party from *de novo* review by the District Court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court.  *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, 150-53 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

SIGNED July 22, 2022.

DUSTIN M. HOWELL
UNITED STATES MAGISTRATGE JUDGE