# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TEXAS
## AUSTIN DIVISION

| | | |
|---|---|---|
| **DOUGLAS DENNIS,** | § | |
| **DERIVATIVE CLAIMANT OF** | § | |
| **WANDA DENNIS-COOPER** | § | |
| **(DECEASED); JESSICA DENNIS,** | § | |
| **DERIVATIVE CLAIMANT** | § | **No. 1:22-CV-00683-DAE** |
| **WANDA DENNIS-COOPER** | § | |
| **(DECEASED); AND MICHAEL** | § | |
| **DENNIS, DERIVATIVE** | § | |
| **CLAIMANT WANDA DENNIS-** | § | |
| **COOPER (DECEASED);** | § | |
| *Plaintiffs* | § | |
| | § | |
| **v.** | § | |
| | § | |
| **ERYNGO HILLS APARTMENTS,** | § | |
| **HAYDEN GLADE, HIDDEN** | § | |
| **CREEK OWNER LLP, TX OLD** | § | |
| **MANOR HOUSING LP, and the** | § | |
| **DAVIS COMPANIES,** | § | |
| *Defendants* | | |

## REPORT AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

TO:   THE HONORABLE DAVID EZRA
      UNITED STATES DISTRICT JUDGE

Before the Court are Defendants Eryngo Hills and the Davis Companies'

Rule 12(b)(4) and Rule 12(b)(5) Motion to Dismiss, Dkt. 28; Defendants Hidden

Creek Owner LLP's and Hayden Glade's Rule 12(b)(4) and Rule 12(b)(5) Motion to

Dismiss, Dkt. 32; Defendants the Davis Companies' Rule 12(b)(4) and Rule 12(b)(5)

Motion to Dismiss, Dkt. 34; and Plaintiffs' Motion for Summary Judgment, Dkt. 36;

and all related briefing. After reviewing these filings and the relevant case law, the undersigned issues the following report and recommendation.[1]

## I.      BACKGROUND

Pro se Plaintiff Jessica Dennis files this case on behalf of her deceased mother Wanda Dennis, herself, and two other family members, Douglas Dennis and Michael Dennis[2] based upon the death of her mother. Dennis sues Wanda Dennis' landlord and related entities whose negligence she alleges caused her mother's hospitalization and death from toxic mold found in her apartment. She asserts her claims and those of her brothers, and possibly other family members, are "derivative" of her deceased mother's claims. Dennis seeks "special damages, general damages, pain and suffering, mental pain and suffering, emotional distress, and loss of consortium." Dkt. 1, at 19.

Each Defendant moves to dismiss claiming: (1) insufficient process; and (2) ineffective service of process. Dennis moves for summary judgment in a one-page motion, with no attached evidence.

## II.      LEGAL STANDARD

Under Rule 12(b) of the Federal Rules of Civil Procedure, a defendant may challenge personal jurisdiction for "insufficient process" and "insufficient service of process." Fed. R. Civ. P. 12(b)(4), (5). "Generally speaking, '[a]n objection under Rule 12(b)(4) concerns the form of the process rather than the manner or method of its service,' while a 'Rule 12(b)(5) motion challenges the mode of delivery or the lack of

---

[1] Defendant TX Old Manor Housing, LP, has not filed a motion to dismiss, and a return of service is on file for this Defendant.

[2] The brothers are also signing some of the motions and pleadings in this case.

delivery of the summons and complaint.'" *Gartin v. Par Pharm. Cos., Inc.*, 289 F. App'x 688, 691 n.3 (5th Cir. 2008) (per curiam) (quoting 5B Charles Alan Wright & Arthur R. Miller, Frederal Practice & Procedure § 1353 (3d ed.)). The party effecting service has the burden to prove that service was valid. *Quinn v. Miller*, 470 F. App'x 321, 323 (5th Cir. 2012) (citing *Carimi v. Royal Carribean Cruise Line, Inc.*, 959 F.2d 1344, 1346 (5th Cir. 1992)). Without either proper service of process or waiver of that service, a federal court cannot exercise personal jurisdiction over the defendant. *Naranjo v. Universal Sur. of Am.*, 679 F. Supp. 2d 787, 795 (S.D. Tex. 2010) (citing *Omni Capital Int'l, Ltd. v. Rudolf Wolff & Co.*, 484 U.S. 97, 104 (1987)).

Rule 12(b)(4) of the Federal Rules of Civil Procedure permits a defendant to move to dismiss an action for defects in the form of the process. Such a motion is proper only to challenge non-compliance with the provisions of Rule 4(b) of the Federal Rules of Civil Procedure or any applicable provision incorporated by Rule 4(b) that deals specifically with the content of the summons. *See Ceasar v. Dillards Dep't Store*, No. 6:17-CV-01066, 2018 WL 3030126, at *1 (W.D. La. May 31, 2018), report and recommendation adopted sub nom., *Ceaser v. Dillards Dep't Store*, No. 6:17-CV-1066, 2018 WL 3029336 (W.D. La. June 18, 2018). Thus, Rule 12(b)(4) is the proper challenge, for instance, when it is alleged that the Summons and Complaint do not properly name the party on whom the Summons and Complaint is served. *Shivers v. Akima Intra-Data,* No. 2:07-CV-55KS-MTP, 2008 WL 3992669, at *3 (S.D. Miss. Aug. 21, 2008). Rule 4(b) requires that a plaintiff present a properly

completed summons that the clerk must then sign, seal, and issue. Fed. R. Civ. P. 4(b). To be properly completed, among other things, the summons must be "directed to the defendant." *See Coleman v. Bank of N.Y. Mellon*, 969 F. Supp. 2d 736, 744 (N.D. Tex. 2013). The plaintiff bears the burden of proof regarding sufficiency of process. *Id.*

A Rule 12(b)(5) motion allows a party to file a motion to dismiss for "insufficient service of process." Fed. R. Civ. P. 12(b)(5). "Under Rule 12(b)(5), a district court has 'broad discretion to dismiss an action for ineffective service of process.'" *George v. U.S. Dep't of Labor*, 788 F.2d 1115, 1116 (5th Cir. 1986).

Federal Rule of Civil Procedure 4(h) provides that service of process on a corporation may be had as follows:

> unless otherwise provided by federal law, … in the manner prescribed for individuals by subdivision (e)(1), or by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or to any other agent authorized by appointment or by law to receive service of process.

Fed. R. Civ. P. 4(h)(1). Federal Rule of Civil Procedure 4(e)(1) further provides for service upon an individual "pursuant to the law of the state in which the district court is located." Fed. R. Civ. P. 4 (e)(1). Texas law provides that service of process on a foreign corporation may be accomplished by serving the president, vice president, or registered agent of the corporation. Tex. Bus. Org. Code §§ 5.201(a), 5.255(1).

Federal Rule 4(m) permits dismissal of a suit if the plaintiff fails to serve a defendant within 90 days of filing but provides that "if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate

period." Fed. R. Civ. P. 4(m); *Gartin*, 289 F. App'x at 692. "[G]ood cause under Rule 4(m) requires at least as much as would be required to show excusable neglect, as to which simple inadvertence or mistake of counsel or ignorance of the rules usually does not suffice." *Lambert v. United States*, 44 F.3d 296, 299 (5th Cir. 1999). "Additionally, some 'showing of good faith on the part of the party seeking an enlargement and some reasonable basis for noncompliance within the time specified is normally required.'" *Thrasher v. City of Amarillo*, 709 F.3d 509, 511 (5th Cir. 2013) (quoting *Winters v. Teledyne Movible Offshore, Inc.*, 776 F.2d 1304, 1306 (5th Cir. 1985)). If a plaintiff can establish good cause for the delay, the court must extend the time for service; however, even when the plaintiff lacks good cause, the court still retains its discretionary power to extend the time for service in certain circumstances. *Thompson v. Brown*, 91 F.3d 20, 21 (5th Cir.1996); *Millan v. USAA GIC*, 546 F.3d 321, 325 (5th Cir. 2008).

## III.   DISCUSSION

Each Defendant in this case moves to dismiss the claims against it based upon insufficient and ineffective service of process. Defendants assert Plaintiffs failed to properly effectuate service, and the claims against them should be dismissed for lack of personal jurisdiction.

Plaintiffs filed their lawsuit on July 6, 2022. Plaintiffs amended their Petition on October 5, 2022. On November 1, 2022, this Court signed an Order requesting the Clerk issue summons and that the United States Marshal's Service attempt

service on Defendants. On November 2, 2022, summons was issued as to all Defendants. Dkt. 19.

### A.     Eryngo Hills Apartments

The summons to Defendant Eryngo Hills Apartments was addressed to Defendant Eryngo Hills Apartments at 9345 US-290 E., Austin, Texas 78724. Dkt. 20. On November 29, 2022, summons was returned unexecuted as to Defendant Eryngo Hills Apartments. Dkt. 21. The returned summons indicated that the agent was unknown and, further that no individual, company, corporation could be located. *Id.*

Eryngo Hills argues that, to date, proper service has not been made upon it. Plaintiffs respond that service must have been proper because Eryngo Hills responded by filing the instant motion, and that, therefore, it must have been properly served. Dkt. 30. Eryngo Hills replies that Plaintiffs have provided this Court with no evidence that they have requested waiver of service in conjunction with Rule 4(d), or that Eryngo Hills was properly served. Dkt. 31.

The record reflects that service of process on Eryngo Hills was not proper under either federal or state law governing service of process. Plaintiffs failed to deliver a copy of the summons and of the complaint to an officer, a managing or general agent, or to any other agent authorized by appointment or by law to receive service of process. Fed. R. Civ. P. 4(h)(1). Plaintiffs further failed to serve the president, vice president, or registered agent of the corporation as required under

Texas law. Tex. Bus. Org. Code §§ 5.201(a), 5.255(1); Fed. R. Civ. P. 4 (e)(1). Additionally, the return of service was not properly executed. Dkt. 21.

It is undisputed that "[b]efore a[] federal court may exercise personal jurisdiction over a defendant, the procedural requirement of service of summons must be satisfied." *Murphy Bros. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 350 (1999). The undersigned finds that as Eryngo Hills Apartments was not properly served, and the return of service not executed, the Court lacks personal jurisdiction over it and Plaintiffs' claims against it should be dismissed.

### B.    The Davis Companies

The Davis Companies also move to dismiss based improper and insufficient service. On November 2, 2022, the Court issued summons on The Davis Companies at three addresses: (1) Boston, Massachusetts; (2) New York, New York; and (3) Pittsburgh, Pennsylvania. Dkt. 20. On December 14, 2022, summons was returned unexecuted as to Defendant the Davis Companies at the New York address. Dkt. 25. The returned summons indicated that no individual, company, corporation could be located, and that the summons was returned as it was unable to be delivered. *Id.* On December 19, 2022, the summons directed to Pittsburgh was executed as to Defendant the Davis Companies. Dkt. 27. The returned summons indicates that service was made on Steven Kasunich, a Senior Property Manager. *Id.*

On December 14, 2022, a summons was reissued to Defendant the Davis Companies' "corrected New York Address" at 55 Fifth Avenue, New York City, New

York 10003. Dkt. 26. The returned summons indicates that service was made on an "unknown agent." Dkt. 33.

The Davis Companies assert in their initial Motion to Dismiss, Dkt. 28, that the returned summons does not indicate service was made on a registered agent for service of process or an officer of the Davis Companies, and thus service was insufficient under both Texas and Federal requirements for service of process. In their second Motion to Dismiss, Dkt. 34, the Davis Companies adopt these same arguments, and apply them to the summons returned on January 5, 2023, Dkt. 33, after the first Motion to Dismiss was filed. The Davis Companies assert that this summons reflects that service was effected on an "unknown agent" via certified mail, which is insufficient under bother Texas and federal law. *See* Fed. R. Civ. P. 4(h)(1); Fed. R. Civ. P. 4 (e)(1); Tex. Bus. Org. Code §§ 5.201(a), 5.255(1).

The undersigned agrees and finds that service on the Davis Companies is insufficient and ineffective for the reasons outlined above as to service on Eryngo Hills. Neither the proper agent for service of process was served, nor was the return of service properly executed. Plaintiffs' claims against the Davis Companies should be dismissed for lack of personal jurisdiction.

### C.    Hidden Creek Owner's LLP and Hayden Glade

Defendants Hidden Creek Owner's LLP and Hayden Glade also move to dismiss based improper and insufficient service, as well as failure to timely serve. Dkt. 32. In their response, Dkt. 35, Plaintiffs request that they be allowed to serve these Defendants' attorneys. Hidden Creek Owner's LLP and Hayden Glade assert

that Rule 4 does not allow substituted service on counsel and that they have not agreed to waive service. Dkt. 40.

On November 1, 2022, this Court signed an Order requesting the Clerk issue summons and that the United States Marshal's Service attempt service on all Defendants. Dkt. 19. On November 2, 2022, summons was issued as to all Defendants. Dkt. 20.

The summons to Defendant Hidden Creek was addressed to 125 High Street, Suite 2111, Boston, Massachusetts 02110. *Id.* On December 21, 2022, summons was returned executed as to Defendant Hidden Creek. Dkt. 29. The returned summons indicates that personal service was made on "Mary Harris, Executive Assistant." *Id.* Hidden Creek argues that the returned summons does not indicate service was made on a registered agent for service of process or an officer of Hidden Creek.

The summons to Defendant Hayden Glade was addressed to 125 High Street, Suite 2111, Boston, Massachusetts 02110. Dkt. 20. On December 21, 2022, summons was also returned executed as to Defendant Hayden Glade. Dkt. 29. Again the returned summons indicates that personal service was made on Mary Harris, Executive Assistant. *Id.* Hayden Glade also argues that the returned summons does not indicate service was made on a registered agent for service of process or an officer of Hayden Glade.

On January 23, 2023, the Court reissued summons to Hayden Glade and Hidden Creek Owner, LLP. Dkts. 37, 38, 39. The summons included alternative service to Hayden Glade and Hidden Creek's attorneys.

The undersigned finds that, like service on the other Defendants listed above, Plaintiffs' initial and reissued service on Hayden Glade and Hidden Creek Owner, LLP, is deficient under both state and federal rules prescribing service of process. Fed. R. Civ. P. 4 (e)(1); Tex. Bus. Org. Code §§ 5.201(a), 5.255(1). Additionally, the return of service was not properly executed. Dkt. 21. Plaintiffs failed to deliver a copy of the summons and of the complaint to an officer, a managing or general agent, or to any other agent authorized by appointment or by law to receive service of process. Fed. R. Civ. P. 4(h)(1). Plaintiffs further failed to serve the president, vice president, or registered agent of the corporation as required under Texas law. Texas courts have made clear that if service is alleged to have been made on a registered agent, the record must "affirmatively show" that the recipient is in fact the registered agent of the defendant. *See Infra-Pak (Dallas), Inc. v. Narmour*, 852 S.W.2d 565, 566 (Tex. App.—Dallas 1992, no writ); *Bronze & Beautiful, Inc. v. Mahone*, 750 S.W.2d 28, 29 (Tex. App.—Texarkana 1988, no writ). That has not occurred here. Plaintiffs have failed to properly effect service and accordingly the Court lacks personal jurisdiction over these parties. Plaintiffs' claims against them should be dismissed.

To the extent Plaintiffs assert they are entitled to serve Defendants' counsel, they are wrong. "[A]ctual or constructive notice will not satisfy the requirements of the Rule*." J.O. Alvarez, Inc. v. Rainbow Textiles, Inc.*, 168 F.R.D. 201, 202-03 (S.D. Tex. 1996). Additionally, as happened here, it is counsel's prerogative to refuse to accept service of process on behalf of her client. *See Williams v. GTE*, No. 3:00-CV-

2380-X, 2001 WL 276868, at *1 (N.D. Tex. Mar. 19, 2001). Plaintiffs are required to properly serve Defendants and have failed to do so. Dismissal is proper.

As to the timeliness issue, if Plaintiffs fail to serve a defendant "within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against the defendant," unless the plaintiff shows both (1) good causes for his failure to timely and properly effect service and (2) good cause for the court to extend the time for service for an appropriate period. Fed. R. Civ. P. 4(m); *Lewis v. Sec'y of Pub. Safety & Corrs.*, 870 F.3d 365, 369 (5th Cir. 2017) ("Rule 4(m) requires dismissal if a defendant is not served within 90 days after the complaint is filed, unless the plaintiff shows good cause for the failure."); *see also* Fed. R. Civ. P. 41(b) (providing for dismissal, with or without prejudice, for failure to prosecute and obey court orders).

Here, Defendants filed their motion to dismiss for failure to comply with Rule 4(m) on January 6, 2023, asserting Plaintiffs' Amended Complaint was filed October 5, 2022, and that service was past the deadline of Rue 4(m) requiring dismissal. Dkt. 32 (citing Dkt. 18). Since the motion was filed, Plaintiffs filed amended summonses, to the same parties at the same addresses, with the added attempt to serve counsel. Dkts. 37, 38, 39. The summonses have not been returned or executed. Additionally, Plaintiffs insist that Defendants are properly served, and have not requested an extension to serve them.

The undersigned finds that, since Plaintiffs have failed to serve Defendants within 90 days as required by Rule 4(m), and have attempted to do so various times and failed, their claims should be dismissed on this alternative basis.

### D.      Plaintiffs' Motion for Summary Judgment

Plaintiffs also file a Motion for Summary Judgment. Dkt. 36. This motion consists of one page and states as follows:

> Grant the Plaintiffs motion for summary judgment on the factual allegations listed in Case No. 1:22-CV-00683-RP-DH and Case No. 1:22-CV-00657-RP-DH. The evidence provided in the following cases further proves the Defendants were in fact negligent and wrongful death of Wanda Dennis Cooper the deceased defendant was caused by the toxic mold within the property Wanda was renting from the Defendants….

Plaintiffs do not attach any summary judgment evidence to their motion.

A party moving for summary judgment must inform the Court of the basis for the motion and identify those portions of the pleadings, depositions, answers to interrogatories and admissions on file, together with affidavits, if any, that show that there is no such genuine issue of material fact. Fed. R. Civ. P. 56; *Lowrey v. Texas A&M Univ. Sys.*, 117 F.3d 242, 247 (5th Cir. 1997) (citation omitted); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986). Plaintiffs in this case have failed to identify any specific bases for their motion, referring only generally to all their factual allegations. This is an insufficient basis for summary judgment. Plaintiffs have failed to carry their burden and their motion for summary judgment is properly denied.

## IV.     RECOMMENDATION

In accordance with the foregoing discussion, the undersigned **RECOMMENDS** that the District Court **GRANT** Defendants Eryngo Hills and the Davis Companies' Rule 12(b)(4) and Rule 12(b)(5) Motion to Dismiss, Dkt. 28; **GRANT** Defendants Hidden Creek Owner LLP's and Hayden Glade's Rule 12(b)(4) and Rule 12(b)(5) Motion to Dismiss, Dkt. 32; and **GRANT** Defendants the Davis Defendants Rule 12(b)(4) and Rule 12(b)(5) Motion to Dismiss, Dkt. 34, and **DISMISS WITHOUT PREJUDICE** Plaintiffs' claims against Defendants Eryngo Hills, the Davis Companies, Hidden Creek Owner LLP and Hayden Glade[3] for lack of personal jurisdiction. **IT IS FURTHER RECOMMENDED** that Plaintiffs' Motion for Summary Judgment, Dkt. 36, be **DENIED**. Having addressed all referred motions, the referral to the undersigned is **CANCELED**.

## V.     WARNINGS

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The district court need not consider frivolous, conclusive, or general objections. *See Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987). A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen days after the party is served with a copy of the Report shall bar that party from *de novo* review by the district court of the proposed findings and recommendations in

---

[3] The undersigned again points out that the claims against TX Old Manor Housing, LP, are not addressed by this Report and Recommendation.

the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the district court. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, 150-53 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

SIGNED June 6, 2023.

DUSTIN M. HOWELL
UNITED STATES MAGISTRATE JUDGE